May it please the Court, As the Court is aware, as of Friday afternoon, the government has confessed error on all 11 money laundering convictions that we challenge and agree that this matter must be remanded for resentencing. We, of course, accept the government's confession of error. In addition, we ask only that, consistent with the arguments in our brief, that the Court provide guidance on the issue of resentencing and permissible factors to the District Court upon remand. Unless the Court has any questions? What kind of guidance do you want on that? The guidance that we would suggest is that upon resentencing, the District Court not consider Mr. Lewis's litigation tactics and any sentencing enhancement. Is that so clear that somebody is really obnoxious, the Court, the Sentencing Court can't consider that? Your Honor, if you're asking if there's clear precedent on that, no, but there is the case of U.S. v. Purnell, when this Court explained that aggravating litigation, such as multiple frivolous motions, is not grounds for withholding a reduction in a sentence. And just so here, we argue that a defendant's aggravating litigation tactics is not a permissible sentencing enhancement factor. Does the defendant have some indication of mental illness, no? Your Honor, there was a competency review ordered by the Court, and he was found competent. However, in the competency review, there were indications that Mr. Lewis was defending himself consistent with some identified personality concerns. And some of that was paranoia? Yes, Your Honor. Which can have an impact on how one behaves. Yes, Your Honor. A pre-sentence at the stage of meeting with the probation officer, as well as in court. That paranoia can play itself out? At multiple stages, yes, Your Honor. That's one point. Unless the Court has any further questions, I will make myself available for additional questions on my rebuttal. Thank you. Mr. Walters? Good morning, and may it please the Court. As Ms. Fulgoni-Britton mentioned, as this Court is aware, we are extending our confession to all 11 money laundering counts, and not just the initial nine that we confessed in our briefs. And I apologize to the Court for the late notice. Our argument was not made in bad faith. But upon further consideration with input from colleagues from our money laundering section of the Department, we're of the opinion that Mr. Schluter certainly obtained money from Mr. Olson. But his obtaining that money doesn't mean that money was proceeds. You have two innocent victims on one side of the transaction, and then Mr. Lewis on the other. And while we generally agree with the general rule that certainly a money launderer must obtain proceeds before he can launder them, we don't see that as an invariable rule. It's one that should apply in this case. But there are exceptions to that rule, I think, but it wouldn't apply in this case. And so that's why we're asking the Court to vacate the convictions on all 11 money laundering accounts. And then it would have to go back to the Court for resentencing because of the consecutive nature of the sentence, as well as the calculation of the advisory guidelines. I understand counsel's request to provide the District Court with guidance. I think this Court is prohibited from issuing an advisory opinion. Well, certainly. But just in terms of your briefing, you talked about how reasonable the determination was that the District Court made and that it was adequately explained. But there was an enormous departure from the guideline range. I understand he's a difficult person to deal with. And the judge said he was more likely to reoffend than a typical defendant. But he really gave no explanation why an increase of one, two, three, or four years would have been sufficient. I mean, it was a consecutive sentence. And he made several statements about him at the time that I have some issue with. Your Honor. And I realize we can't give an advisory. I mean, she raised that issue, so we're not going to give an advisory opinion. But that is something that I find troubling. We note that and certainly take it to heart. If I could point this out, though, Judge Adelman, you asked the question of, can a court never consider this? I don't think it is off the radar of a District Court to be able to consider the conduct of a defendant before the District Court. Unlike United States v. Purnell, this isn't just vexatious, as in annoying. There was conduct that he undertook that was obstructionist in nature throughout the proceedings. And so I think the District Court's statement such as making a mockery, I don't know if that is per se problematic if the court were to make additional findings along with that as opposed to general characterization. When he begins that statement, he says, words can't describe what a despicable person you are. And he has made a mockery of the proceedings and everything. But then we have this big divergence from the guidelines with very little explanation. So I don't think it cannot be taken into account. It certainly can be taken into account. But some of the language used was troubling, and when you see the sketchiness of the record, when it was given his age. The point is taken, and it's certainly not a hill on which I will fall today, especially given the position that we are in, Your Honor, with having confessed here. I know that there were other issues that the court had raised that Amicus disagreed with our position. But unless there are questions from the court on those, we would ask that the court, other than what we've conceded or on the sentencing issue, would affirm, otherwise affirm the judgment of the District Court. All right. I don't hear any questions.  Thank you very much. Anything else, Ms. Filboni, Britton? No, Your Honor, unless there's additional questions for me, we'll waive our rebuttal. All right. Thank you. The case will be taken under advisement.